**CHESTER BOWLES, Administrator**
**Office of Price Administration,**

v.

**ELADIO PEREZ RODRIGUEZ**

Civil No. 8 - 1945,

And 10 Other Cases
(Consent decrees entered in eight of them)

District Court of the Virgin Islands

Div. of St. Croix at Christiansted

District Court Commissioner

February 23, 1945

NELSON H. NICHOLS, JR., Chief Enforcement Attorney, Office of Price Administration, St. Thomas, Virgin Islands, *for plaintiff*

D. HAMILTON JACKSON, Christiansted, St. Croix, Virgin Islands, *for defendants* ELADIO PEREZ RODRIGUEZ and JOSE BRIGNIONI. Defendants LOUIS N. CANELAS, et al., *appeared without counsel.*

CYRIL MICHAEL, *District Court Commissioner*

While the three cases that were heard came on separately, what is said in this opinion holds good for all because of similarity of charges, proof, and defense.

The above-entitled case came on for hearing on plaintiff's application for preliminary and permanent injunction. The application is by verified bill of complaint, to which is attached affidavit made by the defendant. Rule to Show Cause was issued to the defendant.

█ Demurrer to the bill and motion for continuance are made on the following grounds:

1. That it appears upon the face of the complaint that the court "presided over by the District Court Commissioner has no jurisdiction of the subject of the person of the defendant nor of the subject of the action."

2. That "sufficient time has not been given the defendant to meet the plaintiff's demand for an injunction or restraining order."

As to the first question, the applicable provisions of the Act (June 30, 1942, ch. 26, Title II, § 205, 56 Stat. 33), 50 U.S.C. Appendix, section 925, provides:

"(c) The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act (section 904 of this Appendix), and, concurrently with *State and Territorial courts, of all other proceedings* under section 205 of this Act (this section) . . . (italics supplied).

(a) Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act (section 904 of this Appendix), he may make

application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

It is evident from the above that the District Court of the Virgin Islands has jurisdiction under the Emergency Price Control Act of 1942 to entertain this suit. The demurrer of the defendant, however, goes to the court's jurisdiction "presided over by the District Court Commissioner."

■ The Code of Laws (1921) of St. Croix, Virgin Islands of the United States, Title I, chapter 1, section 6 (4 V.I.C. § 36), provides:

"The District Court Commissioner shall also have power in the absence of the District Court Judge to grant writs of habeas corpus for the purpose of inquiring into the cause of restraint of liberty; *temporary restraining orders;* and writs of arrest in civil causes; writs of attachment including attachments in admiralty . . . " (italics supplied).

Since the Emergency Price Control Act of 1942 gives this court jurisdiction of the subject-matter and under the laws of St. Croix the District Court Commissioner has authority to hear applications for preliminary injunctions, the District Court Commissioner does have jurisdiction "of the person of the defendant" and "of the subject of the action."

The demurrer is therefore overruled.

■ As the defendant's motion for a continuance on the ground aforementioned, it is obvious that to grant it would defeat the very purpose for which the injunction is sought. Inasmuch as the defendant had notice, which in the court's opinion was sufficient under the circumstances, the motion is denied. Rule 65, [Federal] Rules of Civil Procedure (5 V.I.C. App.; 28 U.S.C. foll. § 2072).

The defendant conducts a wholesale and retail grocery store in the town of Christiansted, St. Croix, Virgin Islands of the United States.

The plaintiff seeks to restrain him from buying and selling in violation of the record-keeping and petition-filing provisions of the Maximum Price Regulations and General Maximum Price Regulations.

The bill of complaint sets out under several counts various violations of the said regulations.

This case (and the other cases) does not present any difficulty as to the facts. The defendant, both by affidavit made to an inspector of the Office of Price Administration, which forms a part of plaintiff's complaint, and on the witness stand, admits that required records of his purchases and sales were not available to the Office of Price Administration; "that I have kept no records or lists, nor have I sent any price statement to the O.P.A. I thought that while I was selling at the same price as other shops it was all right."

In effect, the defendant said that the O. P. A. has never entered his business life.

The defendant contends, by his attorney, that he would need many more clerks to keep the records required under the regulations of the Office of Price Administration than his business can afford.

This court is without jurisdiction to pass on the reasonableness or unreasonableness of any regulation or order promulgated under the Emergency Price Control Act. Emergency Price Control Act of 1942, section 204, 50 U.S.C. App., section 924.

It must be admitted, however, that compliance with all the regulations is not an easy task; but the Act under which they are issued is a war measure, devised to checkmate an enemy which would be as deadly to our economic welfare as the enemies we are fighting are to our national

well-being. That enemy is inflation. It behooves the defendant, therefore, to make an effort to comply. All that is necessary is the desire to cooperate for the common good and compliance will appear less burdensome. Moreover, these same requirements are nationwide; and as there is a greater percentage of compliance than noncompliance, notwithstanding the hardships, we can consider this as irrefutable evidence that the heart of the nation is in this effort to keep down inflation. It tends to show that the majority of the American people do not want a recurrence of the privations which resulted from inflation during and after the first World War. Our country is governed by the will of the majority, and if hardships in any shape or form result from this "will", the minority has to yield.

The Court is here reminded of the criticisms directed at the "unnecessary complexities" of the tax laws during the last presidential campaign. As an example, the following was cited: "They shall not be deductible under sub-section (a) but shall be deductible, if deductible under subsection (a) without regard to this sub-section, under this sub-section, but only to the following extent." Facetiously, the writer added, "From thereon it gets technical."

Despite such "unnecessary complexities", as the writer called them, the result of the election showed that the American people were satisfied with such laws, to the extent of wanting no change in the system that gave them birth.

It is also contended by the defendant in this and the other cases that if the injunction should issue, it would mean a loss to their business.

This contention requires very little comment, for the question of price control is bigger than any individual business. It addresses itself to the survival of the economic structure of the nation; the survival of the people of the United States, of which the people of the Virgin Islands

form a part, and "Courts of equity may, and frequently do, go much farther both to give and withhold relief in furtherance of the public interest than they are accustomed to go when only private interests are involved." Virginian Ry. v. Federation, 300 U.S. 515, 552, 57 S. Ct. 592, 81 L. Ed. 789; Pennsylvania v. Williams, 294 U.S. 176, 185, 55 S. Ct. 380, 79 L. Ed. 841. This matter of price control evasion is so sinister in its effect that the Congress of the United States would have been justified, in the Court's opinion, in providing that all violations of the Act brought before the courts, whether civil or criminal, should be in the name of the United States, rather than Prentice Brown, Leon Henderson, Chester Bowles or any other price administrator. For it is the nation's economic welfare that is at stake by violations of this price control measure which seeks to win victory on the home front.

■ The Court, then, of necessity, while according to each citizen his rights under the Constitution, must do all in its power to assist in the success of this great program which was launched to defeat the enemy on the home front. "The Administrator does not carry the sole burden of the war against inflation. The courts also have been entrusted with a share of that responsibility. And their discretion under § 205 (a) must be exercised in light of the large objectives of the Act. For the standards of the public interest, not the requirements of private litigation, measure the propriety and need for injunctive relief in these cases." Hecht Co. v. Bowles, 321 U.S. 321, 331, 64 S. Ct. 587, 88 L. Ed. 754.

Each merchant, whether he be a retailer or wholesaler, who is moved to wilfully violate the orders and regulations of the Office of Price Administration for personal gain is, in effect, as much an enemy of the people as the saboteurs who land from submarines on our shores, the only difference being in intent.

361

However, I am not prepared to say that in the cases which are before the Court today the violations have been wilful. Rather, perhaps, they were the result of carelessness, indifference and neglect, which, notwithstanding, are so harmful to the success of the program as though they were wilful.

These cases were brought, according to statements made by counsel for plaintiff, because of the widespread increases in prices and that there is a black market, in cigarettes in St. Croix. Such a condition the court cannot permit to exist.

The evidence having shown that the defendants have failed to comply with regulations promulgated pursuant to the Emergency Price Control Act of 1942, in that records are not kept and price mark-ups depend on individual pleasure, the issuance of a preliminary injunction is required. Its issuance would give them an opportunity "to put their house in order."

The defendants have expressed in their affidavits which are before the court their intention to comply fully in the future. The court knows of no reason why it should not believe their statements. Howbeit, the situation as it presents itself after a hearing of the cases requires remedial and immediate action in order to insure compliance. The plaintiff's application for a preliminary injunction should therefore be granted as prayed in cases Nos. 8, 10, & 13. It is so ordered.