**CHEMICAL BANK, Plaintiff,**

v.

**CITY OF BANDON, OREGON, et al., Defendants.**

Civ. No. 83–126–RE.

United States District Court, D. Oregon.

March 30, 1983.

John J. Higgins, Donald J. Friedman, Black, Tremaine, Higgins, Lankton & Krieger, Portland, Or., for plaintiff.

A. Allan Franzke, Alan S. Larsen, Schwabe, Williamson, Wyatt, Moore & Roberts, Garry P. McMurry, Peter R. Mersereau, Rankin, McMurray, VavRosky & Doherty, Jack L. Kennedy, Garr M. King, Kennedy, King, Zimmer & O'Malley, Ronald E.

Bailey, Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland, Or., for defendants.

## OPINION

REDDEN, District Judge:

This action arises out of the construction by the Washington Public Power Supply System (WPPSS) of nuclear plants in Hanford, Washington. This particular action concerns WPPSS plants 4 and 5, whose construction has been terminated short of completion. The legal and financial problems surrounding plants 4 and 5 are distinguishable from those surrounding plants 1, 2 and 3. The latter were constructed in cooperation with the Bonneville Power Administration (BPA), a federal agency, and BPA has guaranteed certain financial aspects of those plants. That federal involvement requires application of federal common law to the suits concerning them and the financial agreements which underlie them. The plants of interest in this suit, by contrast, are not financially guaranteed by BPA, and we are governed by state law.

These plants were terminated in a highly publicized atmosphere of acrimony and confusion. The costs for the incomplete construction, as well as "mothballing" plants which will not generate power or revenue, is extremely high. These costs, their payment or nonpayment and the effect upon ratepayers and the entire economy of the northwest have caused concern nationwide, and near-panic in the northwest. Litigation is all that flourishes in the wake of these major energy and economic problems. One such lawsuit is *DeFazio et al. v. WPPSS,* Lane County Cir.Ct. No. 16–81–11344, Oregon Court of Appeals No. A26721, wherein the court ruled that certain Oregon public entities lacked statutory or constitutional authority to enter into their contracts with WPPSS and, hence, are not liable for the debts surrounding construction and mothballing of the two plants. As a result of that ruling, which has been appealed to the Oregon State Court of Appeals, the affected entities have ceased payments. Plaintiff Bank, trustee for the bondholders, points out that default is imminent and seeks relief here. Plaintiff sought to intervene in the appeal in *DeFazio* but its motion to intervene was denied. It then filed this action as well as a similar one in state court in Washington, *Chemical Bank v. WPPSS, et al.,* King County Super.Ct. No. 82–2–06840–3. The action in King County Superior Court has been stayed pending the decision of the Oregon appellate courts in *DeFazio.*

In this action, plaintiff seeks declaratory relief that the affected Oregon entities are bound by their contracts with WPPSS or, in the alternative, that they are estopped to deny their authority to contract with WPPSS. Both of these issues were decided in *DeFazio,* against the interests of plaintiff and both are now the subject of the pending appeal.

Plaintiff also seeks a declaration that in the event the above relief is not granted, that individual board members be held personally liable, and that their attorneys be likewise held liable for malpractice in the issuance of their "comfort letters" approving the entities' participation and contract with WPPSS. Plaintiff sets forth various theories in its complaint, and the above is only a brief description of the issues framed by the complaint.

Defendants move to dismiss or stay this suit on a number of grounds. The court heard oral argument on March 28, 1983, limited to one issue, i.e., whether considerations of comity militate against further proceedings in this action while *DeFazio* pends before the Oregon Court of Appeals. I find that abstention is appropriate and therefore dismiss this case without prejudice to re-filing upon the conclusion of proceedings in *DeFazio.*

*DISCUSSION*

■ I start from the axiom that a federal court has the general duty to decide cases brought before it, *Colorado River Water Cons. Dist. v. U.S.,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976); *Moses H. Cone v. Mercury Const. Corp.,* —— U.S. ——, 103 S.Ct. 927, 935–937, 941–942,

74 L.Ed.2d 765 (1983). In this case I have diversity jurisdiction over a controversy governed by the statutes and Constitution of the State of Oregon. My task is "not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone, supra,* at 942. Among the "rare circumstances" which can justify such abstention is "the presence of state-law issues." *Id.* Other considerations which may qualify as "important countervailing interests" counseling against exercise of jurisdiction are "the desirability of avoiding unseemly conflict between two sovereignties, the unnecessary impairment of state functions, and the premature determination of constitutional questions." *Sederquist v. City of Tiburon,* 590 F.2d 278, 280 (9th Cir.1978), *quoting County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959), and *Martin v. Creasy,* 360 U.S. 219, 224, 79 S.Ct. 1034, 1037, 3 L.Ed.2d 1186 (1959). In exceptional cases the federal courts are required to exercise their discretion and refuse jurisdiction over cases in which it is invoked solely by virtue of diversity of citizenship, and where maintenance of the action in federal court would not accord with "proper regard for the rightful independence of state governments in carrying out their domestic policy," *Burford v. Sun Oil,* 319 U.S. 315, 318, 63 S.Ct. 1098, 1099, 87 L.Ed. 1424 (1943), *quoting Commonwealth of Pennsylvania v. Williams,* 294 U.S. 176, 185, 55 S.Ct. 380, 385, 79 L.Ed. 841 (1935). This is such a case.

■ First, it is axiomatic that the decision of a state trial court cannot be "appealed" to a federal trial court. To do so would demonstrate an unwarranted contempt for the ability of state appellate courts. Second, this suit raises issues of state law only, including interpretation of the Oregon Constitution. The state appellate courts, the Court of Appeals and the Oregon Supreme Court, are uniquely competent in the proper interpretation of the Oregon Constitution; this function is rightly confined to them by state law, and they should be able to pursue this task without unjustifiable interference from federal courts' decisions on unsettled and critical issues of state law, *see Burford, supra,* 319 U.S. at 325–335, 63 S.Ct. at 1103–1108.

The interest in avoiding unnecessary constitutional adjudication, *see Sederquist, supra,* applies with equal force whether it is an adjudication under the federal Constitution or that of a sovereign state. The "desirability of avoiding unseemly conflict between two sovereignties," and the bar against "unnecessary impairment of state functions," *see Id.,* suggests that the presence of such state-law issues makes abstention all the more necessary, *see also Moses H. Cone, supra,* 103 S.Ct. at 941–942 and note 29. Whether this "form" of abstention is more properly labelled "*Burford* abstention," "*Pullman* abstention," "*Colorado River* abstention," "*Cone* note 29 abstention," or is accorded some other shorthand rubric, the basic interests involved remain fundamentally the same: these are the interests of comity and federalism, and they wend their way through the cases in all the permutations which a litigious society can generate. The present case is one of the rare cases in which such abstention is required.

I have carefully considered whether the proper disposition is a stay of proceedings or a dismissal without prejudice. In terms of concrete realities there is small difference between these alternatives, *see Moses H. Cone, supra,* 103 S.Ct. at 934–935. The consideration which is determinative here is the existence of claims against individual utility board members in their personal capacity, and against their counsel. This action, which seeks to hold them liable for billions of dollars, but only in the alternative, in the distant future, and on a contingent basis could have a devastating effect upon the personal and professional lives of defendants during its pendency. It could interfere with the extension of credit, with the formation and dissolution of partnerships, and with the buying and selling of

assets. Such an effect upon defendants is common in our system but generally actions can be expeditiously terminated. However, this action as against the individuals is premature and contingent; it could disappear entirely in the course of the state proceedings or in the course of these proceedings. Should *DeFazio* be reversed, should this court ultimately hold that the Oregon public entities are liable or should this court conclude that they are estopped to deny their liability, then the contingent claims against the individuals would not exist.

I conclude that this action should be dismissed without prejudice to re-filing upon the conclusion of proceedings in the *DeFazio* case now on appeal. Such re-filing will relate back to the present case if filed within six months of the conclusion of the appellate process in *DeFazio,* for purposes of the statute of limitations, if applicable. This shall not be construed as a ruling that the statute of limitations has or has not run or begun to run upon the claims asserted herein.