UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

Clerk
District Court

APR 09 1987

For The Northern Mariana Islands
By _____

VICENTE T. ATTAO, et al., ) CIVIL ACTION NO. 87-0001
 )
 Plaintiffs, )
 )
 vs. ) DECISION AND ORDER
 )
REX I. PALACIOS, et al., )
 )
 Defendants. )
_____ )

Plaintiffs are former employees of the Commonwealth House of Representatives whose employment was terminated in 1986. They allege that their terminations failed to comport with fundamental due process and equal protection requirements of the United States Constitution, in violation of 42 U.S.C. §1983. The Court sua sponte invited briefing and oral arguments on the issue of subject matter jurisdiction. This suit is dismissed for the reasons set out herein.

## FACTS

Plaintiffs Vicente T. Attao, Jesus SN. Lizama, Frances P. Hernandez, Oscar M. Babauta, Pedro P. Castro, Antonio S. Wabol, Martin M. Sablan, and Jose S. Terlaje were employees of the minority members of the Commonwealth House of Representatives. They were terminated in 1986 and filed suit against Rex I. Palacios, individually and as Director of Finance,

AO 72
(Rev.8/82)

Jose Lifoifoi, individually and as Speaker of the House of Representatives, and the Government of the Northern Mariana Islands. The suit alleges that: (1) they were not paid in full for their services and, (2) they were unlawfully terminated in violation of Public Law 5-13, §6(c), which they contend requires that they be re-hired.

Plaintiffs allege that the acts complained of violate CNMI law as well as their rights to due process and equal protection under the laws of the United States Constitution. Plaintiffs further allege that these acts were committed under color of law and, therefore, based federal jurisdiction on 42 U.S.C. §1983 (hereinafter §1983).

## ANALYSIS

This Court has jurisdiction over suits brought under §1983 if the cause or causes of action involve federal questions. This Court also has the power to consider non-federal cla s which are pendent to §1983 claims. Thompkins v. Stuttgart Sch.... District No. 22, 787 F.2d 439, 441 (8th Cir. 1986).

A close review of the complaint herein indicates th.: the Plaintiffs are seeking redress for what is essentially a breach of contract and for constitutional violations stemming from breach of contract claims. The difficulty facing this Court is its inability to accept Plaintiffs' claim that a §1983 cause of action has been factually pleaded. Rather, this is a breach of contract suit couched in terms of §1983 for which adequate

1088

judicial relief is available in the Commonwealth Trial Court. The due process clause is not violated by negligent deprivation of property where an adequate state post-deprivation remedy exists. Hudson v. Palmer, 104 S.Ct. 3194, 3204 (1984). This Court holds that where a post-deprivation remedy exists for the enforcement of contractural rights, due process, as in this case, is similarly not violated.

The fact that the defendant-employer is the Commonwealth government or persons or agencies representative thereof, does not necessarily, in this case particularly, transform a breach of contract suit into a case of constitutional magnitude. Braden v. Texas A & M University, 636 F.2d 90, 93 (5th Cir. 1981).

> If the state had merely breached a contract with Braden he would have had no cause of action under Section 1983. Relief is predicated on a denial of a constitutional right. Baker v. McCollan, 443 U.S. 137, 138-140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). Just as Section 1983 does not create a cause of action for every state-action tort, Baker v. McCollan, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Shillingford v. Holmes, 634 F.2d 263 (5th Cir. 1980), it does not make a federal case out of every breach of contract by a state agency. Id.

To characterize this dispute as a constitutional violation could open the floodgates to §1983 suits against the Commonwealth anytime a government employee is not paid for his

///

///

///

AO 72
(Rev.8/82)

service or labor.[1] A federal cause of action would be possible every time a government employee was not paid in a timely manner. This is not the purpose of §1983. Braden, 636 F.2d at 93.

 Plaintiffs also allege that the government's failure to re-hire them and to ·fund their positions is contrary to and violative of the provisions of P.L. 5-13, §6(c). Resolution of this controversy may call for an interpretation or judicial construction of statutory language, or a finding that there has been a violation of a completely unambiguous statute. The government's argument, based on Railroad Commissioner of Texas v. Pullman Co., 312 U.S. 496 (1941) that the Legislature's employment practices involve purely Commonwealth law and are, therefore, best left to the Commonwealth Trial Court for initial resolution is persuasive.

> Few public interests have a higher claim upon the discretion of ·a federal chancellor than the avoidance· of needless friction with state policies, whether the policy relates to the enforcement of the criminal law, Fenner v. Boykin, 271 U.S. 240, 46 S.Ct. 492, 70 L.Ed 927; Spielman Motor Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed 1322; or the administration of a specialized scheme for liquidating embarrassed business enterprises, Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, 96 A.L.R. 1166; or the final authority of a state court to interpret doubtful regulatory laws of the

---

[1] Overall Economic Development Strategy: 1987, published by the CNMI Budget and Planning Office, shows that 3028 persons in the Marianas are employed by government (2959 by the CNMI, 69 by the Trust Territory) which represents twenty three percent of the workforce of the Northern Mariana Islands.

/82)

1090'

state, Gilchrist v. Interborough Co., 279 U.S. 159, 49 S.Ct. 282, 73 L.Ed. 652, cf. Hawks v. Hamill, 288 U.S. 52, 61, 53 S.Ct. 240, 243, 77 L.Ed. 610. These cases reflect a doctrine of abstention appropriate to our federal system whereby the federal courts, "exercising a wise discretion", restrain their authority because of "scrupulous regard for the rightful independence of state governments" and for the smooth working of the federal judiciary. Id. at 500-501.

For failure to state a justiciable cause of action on constitutional grounds and exercising the dictates of discretion in the application of the doctrine of abstention, the complaint is hereby DISMISSED.

IT IS SO ORDERED.

DATED this _____ day of April, 1987.

_____

JUDGE ALFRED LAURETA