## BRASHEAR et al. v. INTERMOUNTAIN BUILDING & LOAN ASS'N et al.

### No. 856–4.

District Court, S. D. California,
Central Division.

June 18, 1938.

Thomas W. Nealon, of Phœnix, Ariz., and Zach Lamar Cobb, and Earl A. Littlejohns, both of Los Angeles, Cal., for plaintiff.

U. S. Webb, Atty. Gen., and Frank Richards, Deputy Atty. Gen., for defendant Charles G. Johnson, State Treasurer of California.

James C. Ingebretsen, of Los Angeles, Cal., for Justus F. Craemer, Building and Loan Commissioner of California.

. Alexander B. Baker, Louis B. Whitney, and Lawrence L. Howe, all of Phœnix, Ariz., and Zach Lamar Cobb and Earl A. Littlejohns, both of Los Angeles, Cal., for Harry W. Hill, receiver of Intermountain Building & Loan Association.

YANKWICH, District Judge.

This cause came on to be heard upon the issues raised by the bill of complaint and the supplement to the bill of complaint and the answer thereto, and upon two stipulations as to facts,—one relating to facts in general and the other relating to facts as to California deposits,—both

filed in this court on December 1, 1937. Evidence, oral and documentary, was introduced in addition to the stipulations and the cause was submitted to the court for decision. And the court having considered the evidence and the law and the arguments and briefs of counsel, now finds in favor of the defendant and orders a decree ordering and decreeing that plaintiffs take nothing by their bill against the defendants.

The court states the following as its general grounds for decision:

(1) The provisions of the California Building & Loan Association Act, St.Cal.1931, p. 531, § 12.04, as to guaranties to be deposited by foreign building and loan associations doing business in the state either as a condition for doing business in the state or as a condition for the continuance of the doing of business, are valid and constitutional.

(2) Under the act, the original guaranty deposited in 1927 by Intermountain Building & Loan Association and the later one exacted of it in 1931, by the Building and Loan Commissioner of California, were legal.

At the time of the exaction of the original deposit, and of the later guaranty, the Intermountain Building & Loan Association was not insolvent and the Building and Loan Commissioner of California had no knowledge of any insolvency or of any acts which showed insolvency, or which, if investigated, would have disclosed insolvency. The reports filed by the Association upon which the Commissioner acted, at all times, showed solvency.

(4) The decision in Gallegos v. Intermountain Building & Loan Association in the United States District Court of Arizona, affirmed in Intermountain Building & Loan Association v. Gallegos, 9 Cir., 1935, 78 F.2d 972, is not res judicata as to the rights of the California Building and Loan Commissioner or the State Treasurer of California, either with regard to the distribution of the guaranty fund or with regard to the administration and liquidation of the assets of the Association lying in California.

(5) No receivership is necessary to secure the distribution of the guaranty fund under the terms of the California law, or the liquidation of the assets of the Association lying in California. The courts of California have ample power to do so under the proceeding now pending or other proceedings.

(6) The plaintiffs are not entitled to a permanent injunction. The temporary restraining order issued in the above cause on February 27, 1936, and which, by stipulation of parties hereto, dated March 4, 1936, was continued in force until the determination of the cause upon the merits, should be and it is hereby dissolved.

Let judgment and findings be prepared by the defendants in accordance with this decision under Rule 44. Exception to the plaintiffs.