**GALLEGOS et al. v. INTERMOUNTAIN BUILDING & LOAN ASS'N et al.**

**No. 9630.**

District Court, D. Oregon.

March 4, 1939.

Supplemental Opinion May 24, 1939.

James G. Wilson and John F. Reilly, both of Portland, Or., and Thomas W. Nealon, of Phoenix, Ariz., for complainants.

Rogers MacVeagh, MacCormac Snow, both of Portland, Or., and Willard H. Wirtz, of Salem, Or., for defendants.

McCOLLOCH, District Judge.

The parties having asked for an early decision in order that this case may be heard before the Circuit Court of Appeals, along with the appeal from Judge Yankwich's decision,[1] it does not appear advisable to attempt the preparation of a formal opinion. I therefore hold, with a brief statement of my reasons:

■ That the Oregon Building and Loan Act of 1931, Laws Or.1931, p. 741, is not unconstitutional because it required the deposit of specific mortgages to secure Oregon investors. There may be room for argument over the meaning of the so-called "security clause", but even though this clause should be considered to mean that mortgages should not be specifically pledged, as was done here, the action of the company officials in pledging the mortgages amounted to no more than a breach of contract by the Building & Loan Company with its shareholders. While one may question the business morals of such action by the company officials, and may speculate on the position that the Oregon officials might take if the assets of an Oregon savings and loan association were impounded under similar circumstances by a sister State, these considerations do not, it seems to me, go to the validity of the Oregon law. A different conclusion might be compelled if the security clause had the legal effect of creating a specific lien on the company's mortgage assets. It did not, in my opinion, have that effect, and the opinion of the Circuit Court of Appeals in Intermountain Building & Loan Ass'n v. Gallegos, 9 Cir., 78 F.2d 972, holds only that the security clause created a "contract lien", sufficient to sustain the plaintiffs' position as litigants in that case without the necessity of reducing their claims to judgment.

I think it is impossible to say from the evidence that the company was insolvent when the securities were assigned to the Oregon Commissioner, or when the Commissioner took the company over.

■ In my opinion the Arizona proceeding was not a class action of a sort to bind the Oregon creditors. In this connection it should be noted that the defendant in the instant case is not an Oregon creditor. He is the Oregon Corporation Commissioner, having supervision of savings and building and loan associations. I do not feel that the Arizona proceedings are binding on the Oregon Commissioner in any way.

■ I hold with the Special Master that the Oregon statutory receivership is "adequate".

■ As to the Oregon assets which have been taken over by the local Corporation Commissioner, other than the mortgages specifically deposited with the Commissioner, it seems to me that the plaintiffs have their remedy in the Oregon statutory receivership proceeding. The cases holding that the court first acquiring jurisdiction "over the same subject matter and the same property" should be permitted to continue its administration without interference, apply here. Pennsylvania v. Williams et al., 294 U.S. 176, 55 S.Ct. 380, 385, 79 L.Ed. 841, 96 A.L.R. 1166.

The assertion by the Oregon Corporation Commissioner that he intends to disburse the additional Oregon assets (other than the mortgages specifically pledged) to the payment of Oregon claims, in preference to outside claims, is, I take it, merely the Oregon Commissioner's statement of what he deems to be his duty under the Oregon laws. What the Oregon courts, under whose jurisdiction and direction the Corporation Commissioner is distributing the assets, would hold as to the Commissioner's powers under the Oregon statute might well be another matter.

### Supplemental Opinion

■ Re plaintiff's motion to re-open the case for taking of additional testimony as to the insolvency of the Association, my feeling is, after reading the briefs, that the case should not be re-opened unless

---

[1] I have been greatly aided in deciding this case by the memorandum opinion of Judge Leon R. Yankwich, District Judge for the Southern District of California, in the case of Brashear and others v. Intermountain Building & Loan Association and Others, 34 F.Supp. 656. Judge Yankwich upheld the pledge of assets which the defendant company had made to the California Building and Loan Commissioner, as I am here upholding the pledge of Oregon assets to secure Oregon investors.

674

plaintiff is prepared to show not only that the Association was insolvent at the time the Oregon Corporation Commissioner requested and obtained the deposit of securities, but also that the Commissioner knew at the time that the Association was insolvent, and further, that he requested and obtained the deposit in bad faith and with intent to perpetrate a fraud on the investors in the Association other than Oregon investors. I do not read plaintiff's brief to mean that plaintiff is prepared to go so far. I understand plaintiff to claim no more than that the Oregon Commissioner knew or *should have known* that the Association was insolvent at the time stated. (My italicizing).

Therefore the motion to re-open is denied.