In re EQUITY CO. OF AMERICA.

YOUCHE v. EQUITY CO. OF AMERICA, Inc., et al.

No. 7290.

Circuit Court of Appeals, Seventh Circuit.

Nov. 19, 1940.

Frederich C. Crumpacker and E. H. Friedrich, both of Hammond, Ind., for appellant.

Marie Witkin Kargman and Max Richmond Kargman, both of Chicago, Ill., for appellees.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellant, intervening creditor, appeals from an order denying her motion to set aside the order approving a petition for reorganization filed by-a creditor against the debtor corporation and to dismiss the petition, alleging that the pleading as filed was insufficient, lacking in good faith and disclosed on its face that reorganization was impossible.

The original petition was filed by Prybylski, trustee under a mortgage securing a bond issue, alleging that the debtor was a moneyed corporation, such as might file a voluntary petition, having its principal place of business and all assets in the City of Gary, Indiana; that it was not a municipal, railroad, insurance or banking institution and owned certain properties including among others Lots 18 and 19 in Block 7, involved in this appeal. Certain other properties alleged to be the property of the debtor are not involved herein. The petition averred that the property was incumbered by the first mortgage held by the petitioner as trustee to secure an unpaid indebtedness of $18,000 due bondholders and a second mortgage of $2,000, foreclosure proceedings being then pending in the state court; that the property was incumbered also with unpaid real estate tax liens; that the debtor owed other claims of which the petitioner was not informed; that its liabilities exceeded $100,-000; that the debtor was hopelessly insolvent; that the proceedings pending did not adequately protect the interests of the various holders of the bonds; that various other proceedings were pending and still others threatened against the debtor; that the indebtedness was liquidated; that the petitioner proposed to effect a reorganization, a plan for which it was ready, willing and able to submit; that the petition was filed in good faith without collusion or for the purpose of obtaining any improper advantage for anyone.

On the same day, the court entered an order approving the petition, appointing a trustee and referring the matter generally to a special master for administration as provided by the act. This order also enjoined any and all parties from interfering with, or instituting or prosecuting any actions at law or equity affecting, the property of the debtor.

The debtor on the 29th day of June, 1939, the day preceding the filing of petition, prepared and swore to an answer admitting the allegations except denying that it was hopelessly insolvent but averring that it was unable to meet its debts as they matured. This answer, however, consenting to the relief prayed, was not filed until the 11th day of July, 1939.

After reference to the special master, appellant filed a motion for leave to intervene, another motion to dismiss the petition and an answer upon the merits.

The answer averred that the property was reasonably worth not to exceed $17,500; that in the foreclosure proceedings, the premises had been ordered sold but that the parties had been unable to secure a purchaser; that the receiver in charge had issued receiver's certificates which had been purchased by appellant for the sum of $9,500; that the petition was not in aid of any of the interests of any of the bondholders but detrimental thereto and to the debtor; that appellant had pending then a suit in the state court to foreclose her tax liens and that the petition was not filed in good faith.

Upon hearing the evidence showed the actual facts to be as averred and set forth in the petition and in the answer. The property had been previously owned by one William Earle but was conveyed to the debtor on April 17, 1939, by quitclaim deed. Two foreclosure suits had been brought in the state court by bondholders and consolidated and the receiver had rehabilitated the property from the proceeds of the receiver's certificates and from the rents collected. The evidence showed there were delinquent taxes which, with interest at 20 per cent, aggregated $6,000; that appellant had purchased the official instruments evidencing such tax indebtedness and had filed suit to quiet her title to the premises thereunder and on September 18, 1939, three months after the court approved the petition and enjoined all parties from prosecuting suits, procured a judgment quieting title in her. Upon these facts, which supported the averments of the petition and certain averments of the answer, the court found that the petition had been filed in good faith and was sufficient, confirmed it in all respects and re-referred the entire matter to the special master for administration. This appeal followed.

We think the petition as filed, coupled with the consent of the debtor and the evidence heard by the court, clearly sufficient. Whether there were initially any technical deficiencies in the petition was at the time of the hearing wholly immaterial in view of the fact that the evidence disclosed that the debtor was the owner of various tracts of property, all of which were mortgaged; that the property here involved was subject to mortgages, receiver's certificates and tax liens; that the respective priority of the tax liens, the receiver's certificates and first and second mortgages had not been determined; that

the state court had had jurisdiction of the property for several years without effective results; that the City of Gary had threatened suit for condemnation of the property prior to rehabilitation; that a suit pending in the state court to foreclose tax liens had been prosecuted in violation of the court's injunction and that the petitioner proposed to offer a plan for reorganization and believed that it could be worked out; that on appellant's figures there was some equity in the property for the first mortgage bondholders and under petitioner's figures a substantial equity for them. To have denied the petition would have resulted in permission to appellant to claim title under the decree quieting title in her in the state court, entered subsequent to the institution of the bankruptcy proceedings. It matters little that when a creditor has instituted reorganization proceedings his petition is not in the greatest of detail, if the debtor shortly later consents to the relief prayed and the evidence supports the allegations of the petition. Thereafter there is no occasion for special demurrer, inasmuch as substantial justice has been done. The court as a chancellor was clearly justified in retaining jurisdiction of property subject to various classes of liens and attempting to fulfill the purposes of the reorganization provisions of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., saving for the parties their respective priorities. It was just such cases Congress had in mind in providing this remedial legislation.

It matters little who the debtor is and not at all that it procured title shortly before the petition was filed, for this petition was not a debtor's proceeding but rather one in behalf of bondholders attempting to salvage something from that which represented their invested capital. It is not essential that the debtor have any equity. Reorganization may work out even though the debtor itself has no substantial or valuable interest. It may well be that the creditors alone are interested in and will participate in the relief prayed. By the provisions of the act they are expressly granted the right to invoke the jurisdiction.

The existence or non-existence of good faith must be determined by the chancellor in his discretion upon the evidence submitted and where the trial court finds that there are prior tax liens, prior receiver's certificates, a first mortgage and

a second mortgage; that there is an apparent equity for the first mortgage bondholders, it is far from proper that we interfere with the conclusion of the trial court that the petition of trustee for the bondholders was filed and presented in good faith. The record discloses complete justification of the court's' action.

The order is affirmed.