## In re BILTMORE GRANDE APARTMENT BUILDING TRUST.

### No. 25048.

District Court, E. D. Wisconsin.

May 5, 1944.

Harry V. Meissner, of Milwaukee, Wis., for trustee.

Karon & Weinberg, of Milwaukee, Wis., for first mortgage bondholders.

Harvey C. Hartwig, of Milwaukee, Wis., for debtor.

Arnold C. Otto, of Milwaukee, Wis., for Biltmore Grande Realty Corporation.

DUFFY, District Judge.

The matter before the court is the motion of bondholders Muskat and Ruppa to dismiss debtor's petition for reorganization for the reason that same was filed in bad faith, and that the trustees, Perry and Adriansen, had no right to file same.

A petition for reorganization was filed in this court on March 22, 1944, by Charles E. Perry and Peter A. Adriansen, trustees under a declaration of trust executed December 5, 1912, establishing a trust in property known as Biltmore Grande Apartment Building, at 1341 West Wisconsin Avenue, Milwaukee, Wisconsin. The building contains three stores and one hundred eighteen apartments with gas stoves, refrigerators, carpeting, and other furnishings and equipment necessary to operate an apartment building.

On March 22, 1944, this court entered an ex parte order approving the petition as properly filed, and appointed a trustee. On April 6, 1944, bondholders Muskat and Ruppa filed a controverting answer, raising the questions of good faith filing, whether the defendant was a corporation within the meaning of the Bankruptcy Act, and whether Messrs. Perry and Adriansen had any legal right or authority to file said petition.

On September 15, 1924, Biltmore Grande Realty Corporation issued First Mortgage Bonds in a total amount of $425,000, bearing 6½% interest, maturing serially, the final maturity being September 15, 1934.

Benj. Weil was the indenture trustee. The Benj. M. Weil Company was the underwriter of the bond issue, and has also been managing the Biltmore Apartment Building since its construction. There was also a second mortgage note issue for $50,000, bearing interest at 7%.

In 1932 the Biltmore Grande Realty Corporation was in default on its first mortgage bonds and for real estate taxes. On December 5, 1932, it conveyed its property by warranty deed to Messrs. Best, Spurr, Perry and Adriansen as trustees under a declaration of trust dated the same day. The trustees received the conveyance subject to the first and second mortgages, and did not assume or agree to pay same. The trustees agreed to hold title for the use and benefit of all outstanding first mortgage bonds, and to pay interest on said bonds up to 6½%, and to hold title for five years. The trustees gave an option to the Biltmore Corporation to repurchase within five years. On April 22, 1933, the trustees executed a "Liquidating Trust Agreement" to become effective upon consent of eighty per cent of the bondholders, under which the trustees agreed, among other things, to continue to operate the property for another five years after December 5, 1937, if the corporation did not exercise its repurchase option. "Participating Certificates" were issued to the first mortgage bondholders to evidence their consent to this agreement.

On March 10, 1944, bondholders Muskat and Ruppa commenced a suit in the Circuit Court of Milwaukee County for the benefit of all first mortgage bondholders. The complaint asked for an accounting by Benj. Weil and the Benj. M. Weil Company, for the termination of the trust and cancellation of the Liquidating Trust Agreement, for a foreclosure of the first mortgage bond issue, and for the appointment of a receiver.

The State court issued an order to show cause for the appointment of a receiver, returnable March 21, 1944. An adverse examination of Adriansen and Weil was scheduled for hearing before a Circuit Court commissioner on March 20, 1944, pursuant to subpoena and notice. Adriansen, appearing by Attorney Harvey C. Hartwig, obtained an ex parte order to show cause, staying the examination until March 24. On March 18 Mr. Hartwig conferred with the attorney for the bondholders Muskat and Ruppa, requesting a

few days' adjournment of the hearing and adverse examination, and he agreed that Adriansen and Weil would appear for adverse examination before the Circuit Court commissioner on March 25, and obtained an adjournment of the hearing on the receivership motion to March 28. However, four days after this conference of attorneys, Adriansen and Perry represented by Attorney Hartwig filed this petition for reorganization and obtained from this court an order restraining the State court proceedings.

Bondholders Muskat and Ruppa moved to dismiss the petition for reorganization herein, and the hearing on said motion was set for April 17. However, on April 15, a petition by Biltmore Grande Realty Corporation was filed in this proceeding alleging that it was the debtor corporation, and asking that it be reorganized under Chapter X of the Bankruptcy Act. This petition by the corporation was treated as a petition to intervene in this proceeding.

In the State court action plaintiffs allege that Adriansen is and has been an employee of Weil or the Weil Company; that the trustees failed to terminate the trust in 1937 or 1942; that Weil as indenture trustee has taken no legal proceedings for the protection of the first mortgage bondholders, but that he has devised a scheme whereby he could continue to manage the property and obtain large management fees, trustee's fees, insurance commissions and other profits, and to avoid supervision by or accounting to any court; that Weil, Weil Company and Adriansen have permitted the mortgaged property to become run-down and in disrepair; that they have failed to obtain adequate rentals, and did other things causing loss of many thousand dollars to the first mortgage bondholders.

The Biltmore property is assessed for taxation at $273,000 ($58,000 for the land and $215,000 for the building). The trustees in their petition for reorganization allege the value to be $315,000, and that there is no equity. In the foreclosure complaint the bondholders allege the value to be $325,000. From the trustees' report it appears that the average annual income before depreciation for the years 1940, 1941, 1942 and 1943 was $18,000. Assuming that there may be thirty years of economic life remaining in the building, there would be a capitalized earning value of about $250,000.

■ It is apparent that there is no equity beyond the interest of the first mortgage bondholders. The principal of the first mortgage debt is $313,800. Two years of unpaid interest at 6½% amounts to $40,794. Assuming that there has been no waiver of the difference between the 6½% fixed on the bonds and the 5% actually paid in the past seven years, there would be an additional $32,949 due, or, a total of principal and interest of $387,543. In addition, there are second mortgage notes with accrued interest amounting to $63,572 and notes payable of $15,250. I conclude that the value of the Biltmore property plus the cash on hand is considerably less than the first mortgage debt.

■ The circumstances of this case bring it within the rule announced in Marine Harbor Properties, Inc. v. Manufacturers Trust Co., 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64, and In Re Cook, 7 Cir., 104 F.2d 981. The burden is on the petitioners to show that the pending State court proceedings withhold or deny to creditors or stockholders benefits or protection which Chapter X affords, 11 U.S.C.A. § 501 et seq. They have not done so. Furthermore, there is no showing that the holders of junior lien or unsecured creditors or stockholders desire to make a contribution, which would be the only way in which they could participate in a plan of reorganization.

I must hold that the petition herein was not filed in good faith. An order may be entered requiring the trustee appointed by this court to file an account of all cash or other property received by him, together with a statement of his disbursements; that the petition herein be dismissed; that the restraining order heretofore entered be set aside; and that after the account of the trustee has been approved by this court, he turn over to a receiver to be appointed in the State court action such balance of the property of debtor as may be in his possession or custody.