In re BILTMORE GRANDE APARTMENT BLDG. TRUST.

BILTMORE GRANDE APARTMENT BLDG. TRUST v. MUSKAT et al.

BILTMORE GRAND REALTY CORPORATION v. SAME.

Nos. 8611, 8612.

Circuit Court of Appeals, Seventh Circuit.

Dec. 19, 1944.

82

Harvey C. Hartwig, of Milwaukee, Wis., for Biltmore Grande Apartment Bldg. Trust.

Arnold C. Otto, of Milwaukee, Wis., for Biltmore Grande Realty Corporation.

Morris Karon and Philip Weinberg, both of Milwaukee, Wis., for Irving Muskat and Belle B. Ruppa.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

SPARKS, Circuit Judge.

These two appeals were taken from a judgment of the District Court dismissing two petitions filed by two separate alleged corporate entities for reorganization under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Appellant in No. 8611 is the Biltmore Grande Apartment Building Trust, to which we shall refer hereafter as the Trust. Appellant in No. 8612 is the Biltmore Grande Realty Corporation, to which we shall refer as the Corporation. Each appellant claims to be the rightful debtor and entitled to proceed under Chapter X, and agrees with the action of the court in dismissing the petition of the other but disagrees with its action in dismissing its own.

The first petition for reorganization was filed March 22, 1944, and ex parte order issued on that date approving it and appointing a trustee for the property. The petitioners were two individuals as trustees under a Declaration of Trust executed in 1932 following default in payment of interest on bonds and real estate taxes on the Biltmore Grande Apartment Building. This Declaration of Trust was made contemporaneously with a warranty deed executed by the Corporation conveying the building, subject to a first and a second mortgage, to four trustees who did not, however, assume or agree to pay the indebtedness. The trustees agreed to hold title for the use of all outstanding first mortgage bonds for five years, and to rent the property so as to produce the largest possible income therefrom. At the time of execution of the warranty deed and trust declaration, the trustees also gave the corporation grantor an option to repurchase its building within the five years upon payment of the entire balance outstanding under the mortgage. In April 1933, the trustees executed a liquidating trust agreement, providing for payment out of net income of interest up to 6½ per cent on the bonds, use of further income to purchase bonds for cancellation and retirement, extension of the trust agreement for a further period of five years if the option to repurchase were not exercised by the Corporation, unless, during the extended period, a purchaser were found upon terms satisfactory to at least 80 per cent of the bondholders. Further provisions were made for termination of the trust in case the trustees were unable to sell by the end of the extended period, by some form of reorganization, by partition, or if those could not be used, by foreclosure. Participating certificates were issued to bondholders who consented to the agreement.

On March 10, 1944, two bondholders, appellees here, started a representative suit in a state court against the Corporation, Benjamin Weil, trustee under the trust indenture, the Benj. Weil Company, underwriter of the bond issue, P. A. Adriansen, the alleged surviving trustee under the declaration of trust, and Max Fernekes, the successor trustee under the second mortgage. By this suit appellees sought an accounting, termination of the 1932 trust, cancellation of the 1933 trust agreement, removal of the trustee under the trust indenture, appointment of a receiver, and foreclosure of the mortgage. An order to show cause for the appointment was issued, returnable March 21, and adverse examination of two individual defendants scheduled for March 20. Stays were procured for both these hearings, the latter with consent of appellees on the agreement that both defendants would appear on

March 25 for the examination. Prior to this date, on March 22, the first petition, above referred to, was filed and ex parte order issued thereon. In addition to approving the petition as properly filed and appointing a trustee of the debtor estate, the order also set a time for hearing, and enjoined all parties from commencing or continuing any other judicial proceedings.

Appellees, plaintiffs in the state court action, filed answer alleging that the petition was not filed in good faith, and praying that it be dismissed and that the order of March 22 be vacated. Hearing was set for this motion, but prior to the date thereof, the second petition referred to above was filed by the Corporation, alleging that it was the debtor and asking that the title of the Chapter X proceeding be changed to reflect this correction, that the warranty deed of December 1932, be declared null and void, that the Corporation be declared to be the owner of the mortgaged premises, and that a plan of reorganization be effected under Chapter X.

The court found that there was no equity in the property beyond the interest of the first mortgage bondholders whose claim for principal and interest amounted to $387,-543, as against valuations varying from $250,000 to $325,000. It held that the circumstances of the case brought it within the rule announced in Marine Harbor Properties, Inc. v. Manufacturers Trust Co., 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64, and In re Cook, 7 Cir., 104 F.2d 981, and that neither the petition of the trustees nor that of the Corporation which it treated as an intervening petition, complied with the requirements of Chapter X or was filed in good faith, and it therefore dismissed both petitions. It further vacated that part of the order of March 22, 1944, which approved the petition and enjoined all parties from initiating or continuing any other proceedings against the debtor or its estate, and ordered the trustee appointed on that date to render his account and turn over all funds and property of the debtor in his possession to a receiver or other custodian as required in the state court proceeding.

■ The Trust contends that the ruling of the court is based on an erroneous interpretation of the decision in Marine Harbor Properties, Inc., v. Mfgs. Trust Co., 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64. It apparently interprets the ruling as meaning that the court held that the petition was not filed in good faith because there was no equity beyond the interests of the first mortgage bondholders. We do not so understand the language of the court: "The circumstances of this case bring it within the rule announced in Marine Harbor Properties, Inc., v. Manufacturers Trust Co., 317 U.S. 78, 63 S.Ct. 93, 87 L.Ed. 64, and In re Cook, 7 Cir., 104 F.2d 981. The burden is on the petitioners to show that the pending State Court proceedings withhold or deny to creditors or stockholders benefits or protection which Chapter X affords. They have not done so. Furthermore, there is no showing that the holders of junior lien or unsecured creditors or stockholders desire to make a contribution, which would be the only way in which they could participate in a plan of reorganization."

■ We are convinced that the court correctly interpreted and applied the principles announced in the Marine Properties case. As the Court there said, under the provisions of §§ 141–144 of the Act, 11 U.S.C.A. §§ 541–544, in every case the bankruptcy court must be satisfied that the petition has been filed in good faith, and under § 146(4), 11 U.S.C.A. § 546(4), a petition shall be deemed not to be filed in good faith if a prior proceeding is pending in any court and it appears that the interests of creditors and stockholders would be best subserved in such prior proceeding. In passing on the two petitions of the Trust and the Corporation, and the answer of appellees, the court had before it, in addition to those three pleadings, the series of documents of 1932 and 1933 involving the property of the alleged debtor, a report of the trustee appointed by its own order of March 22, appellees' bill of complaint and restraining order entered thereon in the state court, and other pertinent exhibits. We cannot say that it erred in concluding from the matter contained in this record that the petitions did not comply with the requirements of Chapter X and were not filed in good faith.

Judgment affirmed.