**In re BILTMORE GRANDE APARTMENT BLDG. TRUST.**

**OTTO v. BILTMORE GRANDE APARTMENT TRUST.**

**No. 8798.**

Circuit Court of Appeals, Seventh Circuit.

June 6, 1945.

Rehearing Denied June 28, 1945.

Arnold C. Otto, of Milwaukee, Wis., for appellant.

Harvey C. Hartwig, of Milwaukee, Wis., for appellee.

Before EVANS, SPARKS and MAJOR, Circuit Judges.

SPARKS, Circuit Judge.

This appeal is from an order denying fees to which appellant claimed to be entitled as counsel for an alleged debtor in whose behalf he filed a petition asking that the petitioner be substituted as debtor in a proceeding already instituted by another alleged debtor for reorganization under Chapter X of the Bankruptcy Act, 11 U.S. C.A. § 501 et seq.

The facts involved in the reorganization proceeding are fully disclosed in our opinion, Matter of Biltmore Grande Apartment Building Trust, Debtor, 7 Cir., 146 F.2d 81. The record of the two appeals there involved (which by stipulation of the parties, approved by this court, constitutes a part of the record on this appeal) showed that incompatible petitions were filed by two alleged corporate entities, the first, a trust which held title to and possession of the property of the alleged debtor by virtue of a warranty deed executed in 1932 by the second, a corporation (appellant's client) which had never exercised the option contained in the deed to repurchase the property at any time within five years after execution. That record also showed that the corporation had made unsuccessful ef-

forts in a state court proceeding to have the deed of 1932 declared null and void. The district court dismissed both petitions, holding that neither was filed in good faith. The court found, in that proceeding, that the value of the Biltmore property plus the cash it then had on hand, was considerably less than the first mortgage indebtedness.

Appellant strongly relies upon the case, Smith v. Central Trust Co., 4 Cir., 139 F.2d 733, which upheld the power of the bankruptcy court to allow fees for services rendered in a proceeding for reorganization under Chapter X, even though that proceeding was dismissed for want of jurisdiction. We think we do not reach that question on this appeal. Conceding arguendo that the court had the authority to grant the fees here prayed, the question is whether in denying such allowances it abused its discretion, and we are convinced that it did not. Appellant here represented a corporation which sought to intervene and be substituted as debtor in a proceeding for reorganization although it had surrendered its title to the property involved over eleven years earlier and had never sought to exercise its option to repurchase and had been unsuccessful in its attempt to have its warranty deed declared a nullity, and when the property involved was found by the court to be of considerably less value than the amount of the indebtedness secured thereby. Even if it had power under the circumstances here involved, to allow the fees sought,—and we assume that only for the argument—we are convinced that the court here rightly exercised its discretion in denying those fees.

Order affirmed.