Francis J. CORR and Dorothy J. Corr
et al., Appellants,

v.

FLORA SUN CORPORATION, Debtor,
Appellee.

No. 19967.

United States Court of Appeals
Fifth Circuit.

May 24, 1963.

Chester H. Ferguson, George W. Ericksen, of MacFarlane, Ferguson, Allison & Kelly, Stanley W. Rosenkranz, Tampa, Fla., for appellants.

Robert C. Ward, Miami, Fla., Milton E. Grusmark, Miami Beach, Fla., William M. Manker, Thomas H. Wakefield, Miami, Fla., Peter A. Dammann, Gen. Counsel, David Ferber, Assoc. Gen. Counsel, S. E. C., Aaron Levy, Washington, D. C., for appellee.

Before JONES, BROWN and LEWIS,* Circuit Judges.

LEWIS, Circuit Judge.

On February 27, 1962, Flora Sun Corporation, a corporation organized to own

* Of the Tenth Circuit, sitting by designation.

and operate a 5200 acre land development project near Tampa, Florida, filed a petition for reorganization under Chapter X of the Bankruptcy Act (11 U.S.C.A. § 501 et seq.) The district court, upon the filing of such petition, entered its order of approval as provided by 11 U.S.C.A. § 541.[1] Thereafter appellants, as secured creditors holding first and second mortgages on the debtor's property, filed an answer to the petition in which several material allegations of the petition were controverted as contemplated by 11 U.S.C.A. § 544.[2] Appellants sought a hearing upon the controverted issues, prayed that the debtor be required to sustain the allegations of its petition, and, upon its failure so to do, sought a dismissal of the petition. The trial court heard oral argument upon the substance of the petition and the answer but took no evidence and summarily denied appellants any relief. This appeal followed.

The record of the discourse between the court and counsel for appellants indicates that the court considered and indicated that he would reject, and we believe correctly so, several legal positions advanced by counsel. Contention was made the Flora Sun Corporation was solely owned and controlled by a single stockholder who also owned and controlled other interlocking corporations closely related to Flora Sun's activities; that as a result, asserts counsel, Flora Sun could not qualify as a corporation for Chapter X proceedings. The argument is not sound for to pierce the corporate veil at the outset of proceedings would be to deny the comprehensive protection to public security holders which is the primary aim of that portion of the

Bankruptcy Act. General Stores Corp. v. Shlensky, 350 U.S. 462, 76 S.Ct. 516, 100 L.Ed. 550. It is obvious that the complicated debt structure of this corporation, the interests of numerous public investors and the apparent need of an accounting from management and the advice of a disinterested trustee compel the remedies available under Chapter X unless the statutes require a corporation to demonstrate its legal conformity prior to administration.

The general definition of "corporation" of the Bankruptcy Act applies to debtors liable to reorganization under Chapter X, 11 U.S.C.A. § 506(3), and Section 1(8), 11 U.S.C.A. § 1(8), provides broadly:

" 'Corporation' shall include all bodies having any of the powers and privileges of private corporations not possessed by individuals or partnerships and shall include partnership associations organized under laws making the capital subscribed alone responsible for the debts of the association, joint-stock companies, unincorporated companies and associations, and any business conducted by a trustee or trustees wherein beneficial interest or ownership is evidenced by certificate or other written instrument: * * * "

This provision has been given an extensive interpretation by the courts meeting the problem and has been found to provide for bankruptcy and reorganization of de facto corporations. Where a business enterprise is conducted under a corporate name for joint interests, it has generally been held to be amenable to Chapter X proceedings. Sylvan Beach,

1. Sec. 541. "Petition of debtor
   "Upon the filing of a petition by a debtor, the judge shall enter an order approving the petition, if satisfied that it complies with the requirements of this chapter and has been filed in good faith, or dismissing it if not so satisfied."

2. Sec. 544. "Controversial answer by creditor, indenture trustee, or stockholder; determination of issues
   "If an answer filed by any creditor, indenture trustee, or stockholder shall controvert any of the material allegations of the petition, the judge shall, as soon as may be, determine, without the intervention of a jury, the issues presented by the pleadings and enter an order approving the petition, if satisfied that it complies with the requirements of this chapter and has been filed in good faith and that the material allegations are sustained by the proofs, or dismissing it if not so satisfied."

Inc., v. Koch, 8 Cir., 140 F.2d 852; In re Peer Manor Building Corp., 7 Cir., 142 F.2d 769; 154 A.L.R. 1120, cert. den. Wittner v. Nikolas, 323 U.S. 757, 65 S.Ct. 90, 89 L.Ed. 606; cf. Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp., 302 U.S. 120, 58 S.Ct. 125, 82 L.Ed. 147 and In re Midwest Athletic Club, 7 Cir., 161 F.2d 1005, where the corporation had neither existence in fact or in law.

■ In the present case, the corporation exists as a legal entity and has been doing business as such. There is nothing in the record to indicate that it was formed or continued in its present structure in an attempted fraud on creditors, cf. Milwaukee Postal Bldg. Corp. v. Mc-Cann, 8 Cir., 95 F.2d 948; Shapiro v. Wilgus, 287 U.S. 348, 53 S.Ct. 142, 77 L.Ed. 355, 85 A.L.R. 128, and the lower court expressed the preservation of the rights of the mortgagees to apply for dismissal if such evidence should later be produced.

■ Appellants also contended that the debtor's petition could not be filed in good faith because of the announced opposition by secured creditors to any plan of reorganization which did not provide for complete and immediate payment of the secured indebtedness. This court has clearly rejected this contention as a proper basis for defeating Chapter X proceedings at their inception. York v. Florida Southern Corp., 5 Cir., 310 F.2d 109, 110.

■■ The remarks of the court and counsel during oral argument indicate the extensive familiarity of the court in the affairs of Flora Sun gained through earlier proceedings and testimony given at hearings before the court involving other corporations closely related and interlocked with Flora Sun. The court's subjective and independent knowledge in such matters may have premised his judgment that appellants' present resistance to debtor's position is not justified in fact. But if such be the case the present record does not so reflect and is incapable of intelligent appellate review in such regard. Sec. 544 contemplates a hearing upon the controverted issues of material fact with the burden of sustaining the allegations of the petition resting upon the debtor and with an opportunity for the creditors to offer evidence in opposition. In re St. Charles Hotel Co., D.C., 60 F.Supp. 322, aff'd (3 Cir.) 149 F.2d 645; Selected Investments Corp. v. Duncan, 10 Cir., 260 F.2d 918. If, at the hearing, summary procedures are indicated as applicable they must be used in accord within the limitation of prescribed standards. Cf. Wirtz, Sec'y. of Labor, v. Young Electric Sign Co., 10 Cir., 315 F.2d 326 (decided February 19, 1963); Frito-Lay, Inc. v. Morton Foods, Inc., 10 Cir., 316 F.2d 298 (decided April 18, 1963).

The case is remanded for further proceedings in accord with the views herein expressed.