**In the Matter of the CENTRAL RAILROAD COMPANY OF NEW JERSEY, Debtor,**

**Lehigh Valley Railroad Company, Appellant.**

**No. 16715.**

United States Court of Appeals Third Circuit.

Argued Nov. 9, 1967.

Decided March 22, 1968.

Daniel J. Moore, Newark, N. J., for appellant.

Charles J. Milton, Milton, Keane & DeBona, Jersey City, N. J., for appellee.

Before STALEY, Chief Judge, and KALODNER and FORMAN, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

This appeal is from the District Court's denial of the petition of the Lehigh Valley Railroad ("Lehigh") to intervene generally in a reorganization proceeding instituted on March 22, 1967 by the Central Railroad Company of New Jersey ("Debtor") under Section 77 of the Bankruptcy Act, 11 U.S.C.A. Sec. 205.

Lehigh's petition for general intervention, filed April 19, 1967, was premised on the grounds that its contacts with the Debtor were substantial; it had an interest in property in *custodia legis;* and its interests were not adequately represented by any other party.

Hearing was had in the District Court on Lehigh's petition on May 9, 1967, and on general intervention petitions filed by the Reading Company, the State of New Jersey, the Baltimore & Ohio Railroad, the Lehigh Coal and Navigation Company, the Manufacturers Hanover Trust Company, and the Committee for Non-Railroad Stockholders.

On May 17, 1967 the District Court signed an Order which granted general intervention to the Reading Company, owner of 48.9 per cent of the Debtor's common stock, and to the Manufacturers Hanover Trust Company, trustee under the Debtor's mortgage indenture. The stated Order contained a provision directing the Trustees of the Debtor "to give notice" to those denied general intervention "of any and all matters directly affecting any interest" which they "may have in these proceedings".

The District Court, shortly thereafter, entered Orders allowing general intervention to the State of New Jersey, the Lehigh Coal and Navigation Company, and the Pennsylvania Railroad Company which owns 97.3 per cent of the outstanding stock of Lehigh.

On this appeal, Lehigh contends that (1) it has an absolute "right" to intervene generally in the reorganization proceedings, and (2) assuming that the right to general intervention is only permissive and its allowance rests within the sound discretion of the District Court, the latter abused its discretion in denying such intervention under the prevailing facts.

The Debtor, in reply, urges that Lehigh's contentions are without merit.

It is unnecessary to our disposition of the instant appeal to reach the issue as to whether Lehigh has an absolute right of general intervention, since, assuming *arguendo*, that Lehigh's right to such intervention is permissive only, we are of the opinion that the District Court improvidently exercised its discretion in denying Lehigh general intervention under the facts alleged in Lehigh's petition which are not controverted by the Debtor.

These facts may be summarized as follows:

Lehigh is a creditor of the Debtor to the extent of approximately $182,000, as a result of reciprocal freight interchange arrangements;

Lehigh and the Debtor each own 50 per cent of the stock of the Bayshore Connecting Railroad Company which connects their respective lines, and the ul-

timate plan of reorganization must deal with this asset of the Debtor;

Lehigh is a party to other contracts and arrangements with the Debtor "respecting reciprocal services, joint use of facilities and motive power and the like from which reciprocal debits and credits have arisen and will continue to arise";

Lehigh is a participant with the Debtor "in joint rates for the transportation of freight in interstate commerce";

Lehigh has an agreement with the Debtor with respect to the co-ordination of their facilities within certain points in the State of Pennsylvania which are essential to the operation of both the Debtor and Lehigh;

Lehigh and the Debtor are "essential" parties to the so-called "Aldene Plan", dealing with the Debtor's use of certain of Lehigh's facilities in New Jersey;

"Any determination with respect to the Petition for reorganization will of necessity vitally affect the contractual undertakings" of Lehigh;

Lehigh is a priority creditor of the Debtor with respect to current income of the Debtor and the property of the Debtor.

It is obvious from the foregoing that Lehigh is vitally and substantially concerned in the reorganization of the Debtor and the proceedings relating to it. It is also obvious that Lehigh is inextricably involved in the administration of the Debtor in the course of the reorganization proceedings, as well as in the formulation of any reorganization plan for the Debtor. On the score of the administration of the reorganization proceedings it need only be pointed out that because of Lehigh's vital and inseverable contacts with the operation of the Debtor's lines, earlier referred to, Lehigh is exposed to joint liability with the Debtor with respect to such operation.

We do not subscribe to the Debtor's contention that Lehigh is adequately protected by reason of the District Court's direction to the Trustees of the Debtor "to give notice" to it of any matter "directly affecting any interest" it may have, inasmuch as Lehigh's contacts with the Debtor and its interests in the property in *custodia legis* are part of the warp and woof of the fabric of the reorganization undertaking.

Nor do we subscribe to the Debtor's view that the general intervention allowed to the Pennsylvania Railroad Company adequately protects Lehigh's interests. As Lehigh points out, it is an autonomous and separate entity subject more to the control of the trustees under its general mortgage indenture, than to the Pennsylvania Railroad.

It may be pointed out parenthetically that the District Court allowed general intervention to the Lehigh Coal and Navigation Company after having earlier denied it. The positions of Lehigh and Lehigh Coal and Navigation Company are identical in the respect that the Debtor, under existing arrangements, operates lines which they own in Pennsylvania and New Jersey, and both are substantial creditors of the Debtor. We are unable to discern any reasonable basis for the denial of general intervention to Lehigh and the granting of such intervention to Lehigh Coal and Navigation Company.

For the reasons stated we are of the opinion that the District Court improvidently exercised its discretion in denying general intervention to Lehigh.

The District Court's Order of May 17, 1967, will be vacated insofar as it denies general intervention to Lehigh, and the cause remanded to the District Court to proceed in accordance with this opinion.