429 F.2d 507
 In the Matter of The CENTRAL RAILROAD COMPANY OF NEW JERSEY, Debtor.
Appeal of BONDHOLDERS PROTECTIVE COMMITTEE (of the 3¼% General Mortgage Bonds of the Central Railroad Company).
 No. 18549.
 United States Court of Appeals, Third Circuit.
 Argued June 18, 1970.
 Decided July 7, 1970.
 Rehearing Denied September 8, 1970.
 
 Allan L. Tumarkin, Newark, N. J., for appellant.
 Jacob I. Goodstein, Goodstein, Zamore, Mehlman & Krones, New York City, Joseph C. Glavin, Jr., Newark, N. J., and Fred H. Krones New York City, for appellee.
 Charles J. Milton, Milton, Kean & DeBona, Jersey City, N. J., argued for the trustee.
 Before BIGGS, STALEY and ADAMS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 We are asked here to review a denial by the District Court of an application by an interested party to intervene generally in the Central Railroad Company of New Jersey ("debtor") reorganization. The issue presented is whether Chief Judge Augelli abused his discretion in denying the petition to intervene filed by the Bondholders Protective Committee.
 
 
 2
 The reorganization proceeding was instituted on March 22, 1967, in the United States District Court for the District of New Jersey, pursuant to Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. The Bondholders Protective Committee ("Marx Committee"), representing $345,000 face amount of debtor's bonds, and the 3¼% Mortgage Bondholders' Protective Committee ("Salzburg Committee"), representing more than $3.5 million face amount of debtor's bonds, each applied to the District Court pursuant to 11 U.S.C.A. § 205(c) (13) for leave to intervene in the debtor's reorganization proceeding.
 
 
 3
 The arguments for intervention were heard by the District Court after proceedings brought by each committee before the Interstate Commerce Commission ("ICC") to determine which committee should be permitted to solicit authorizations from the debtor's bondholders pursuant to 11 U.S.C.A. § 205 (p). The transcript of proceedings before, and report of, the ICC were introduced into evidence by the Marx Committee at the hearing and oral argument before Chief Judge Augelli of these applications to intervene. The District Court denied the application of the Marx Committee to intervene, and granted that of the Salzburg Committee. The Notice of Appeal filed by the Marx Committee stated that it was appealing "from the Order denying the application of said Committee to intervene in the above cause." Although we have serious doubts concerning what matters are properly raised by such notice of appeal (see Rule 3(c), Federal Rules of Appellate Procedure), we have considered both portions of the District Court's order — the one granting the motion to intervene by the Salzburg Committee and the one denying the motion to intervene by the Marx Committee.
 
 
 4
 The Marx Committee concedes that under Rule 24, Federal Rules of Civil Procedure, and 11 U.S.C.A. § 205 (c) (13), general intervention in Section 77 proceedings may properly be denied where a class is already adequately represented. See generally 5 Collier on Bankruptcy ¶ 77.08 (14th Ed. 1969). The Marx Committee charged the principal members of the Salzburg Committee with engaging "in open and flagrant trading in the debtor's bonds after they [the Salzburg group] had announced their intention to form a committee", and therefore claimed that the interests of bondholders cannot be fairly and adequately protected by the Salzburg Committee.[1] Chief Judge Augelli, however, found that the Salzburg Committee would represent fairly and adequately the interests of all the bondholders and that intervention by others would merely complicate and make more expensive the reorganization.
 
 
 5
 Upon review of the record before the District Court, we are of the opinion that Judge Augelli did not abuse his discretion in granting the motion of the Salzburg Committee to intervene and denying that of the Marx Committee. Cf. In re Central Railroad Co. of New Jersey, 391 F.2d 417 (3 Cir. 1968). As Judge Augelli noted, nothing prohibits the members of the Marx Committee from appearing on behalf of themselves from time to time as provided in 11 U.S.C.A. § 205(p).
 
 
 6
 Accordingly, the order of the District Court will be affirmed.
 
 
 
 Notes:
 
 
 [1]
 The Marx Committee cites no authority which prohibits such alleged transactions. The claim that the provisions of Chapter 10 of the Bankruptcy Act, particularly 11 U.S.C.A. §§ 609-613, should apply to this Chapter 8 proceeding can hardly be sustained in the face of 11 U.S.C.A. § 501: "The provisions of this chapter [i. e. Chapter 10] shall applyexclusively to proceedings under this chapter." (Emphasis added).