454 F.2d 710
 In the Matter of PENN CENTRAL TRANSPORTATION COMPANY, Debtor.
Appeals of PATENTS MANAGEMENT CORPORATION et al., in No. 71-1264.
Appeals of ISRAEL PATENTS CORPORATION et al., in No. 71-1834.
 Nos. 71-1264, 71-1834.
 United States Court of Appeals,
Third Circuit.
 Submitted on Briefs Dec. 9, 1971.
Decided Jan. 26, 1972.
 
 I. Walton Bader, Bader & Bader, New York City, for appellant.
 Marvin Comisky, Blank, Rome, Klaus & Comisky, and Robert W. Blanchette, Philadelphia, Pa. (Matthew W. Bullock, Jr., Philadelphia, Pa., on the brief), for appellees, Trustee.
 Before McLAUGHLIN, ALDISERT and JAMES ROSEN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 Appellants, calling themselves Penn-Central Bondholders Protective Committee, appeal from the decision of the Reorganization Court (United States District Court for the Eastern District of Pennsylvania) which on two occasions denied their petition to intervene generally in this bankruptcy matter. In the brief for appellants it is said under "Facts" that appellants are bondholders of the bankrupt "in the amount of approximately Fifty Thousand ($50,000.) Dollars". Later on in the brief for appellants the second petition for intervention alleges that they are bondholders of the bankrupt and that their total holdings amount "to Forty Two Thousand ($42,000.00) Dollars". It is stated on behalf of the bankrupt's trustees that appellants own $42,000 in bonds of the debtor. That amount is about .000022 or .0022 of 1% or 1/45 of the outstanding long-term indebtedness of the debtor. The Bankruptcy Court, exercising its discretion, has allowed Governmental bodies, labor organizations, mortgage trustees, the Penn Central Company, the Trustees of the New York, New Haven and Hartford Railroad Co. and certain other parties to intervene. The Court denied the petitions of other applicants including appellants. Appellants' petition to intervene generally was denied because in this vast bankruptcy, as appellees state, intervention in the proceedings therein must be held to manageable proportions. The outstanding long-term debt of the bankrupt is $1,906,761,767. Other liabilities and deferred credits total $582,276,848. In this situation it is obviously vital to group the creditor interests so that they be properly taken care of. Having in mind that there are over 150,000 creditors involved in this proceeding, it is quite a task. Judge Fullam and the Trustees are doing everything possible to expedite this reorganization and seeing to it that all bonafide creditors are fairly protected, including the present appellants.
 
 
 2
 The Court in this discretionary problem wisely insisted that representative intervenors, covering all of the various types of the bankrupt's creditors, be allowed to intervene. This action materially helps the entire proceeding to continue to move forward to as speedy conclusion as possible under the circumstances. See In Matter of Central Railroad Company of New Jersey, 429 F.2d 507 (3rd Cir. 1970), cert. den. Bondholders Protective Comm. v. Mortgage Bondholders' Protective Comm., 401 U.S. 938, 91 S.Ct. 931, 28 L.Ed.2d 218 (1971); Blumgart v. St. Louis-San Francisco Railway Co., 94 F.2d 712, 716 (8th Cir. 1938); In re Denver & R. G. Western R. Co ., 13 F. Supp. 821, 824 (D.C.Colo.1936); In re Central of Georgia Ry. Co., 55 F.Supp. 310, 313 (S.D.Georgia 1944). None of the cases cited on behalf of appellants sustains its theory of general intervention under the facts before us. It will be remembered that where any creditor considers that it has a particular problem which warrants being specially presented to the Bankruptcy Court, the latter will pass upon the merits of such request.
 
 
 3
 In the circumstances before us, Judge Fullam acted properly and well within his discretion. For the reasons expressed in this opinion, the orders 139 and 309 denying appellants' petitions to intervene generally in these proceedings are affirmed.